UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TEKWE IRINE FRI (A-Number: 221-394-236),

Petitioner,

v.

CHRISTOPHER CHESTNUT,

Respondent.

Case No. 1:26-cv-6860-DC-JDP

FINDINGS AND RECOMMENDATIONS

On October 17, 2025, petitioner Tekwe Irine Fri entered the United States from Mexico and was detained by Border Patrol. Petitioner has been held in custody since that date without a bond hearing. Petitioner seeks a writ of habeas corpus under 28 U.S.C. § 2241, on the basis that her extended detention violates the Fifth Amendment. For the reasons outlined below, I recommend that the petition for writ of habeas corpus be granted.

**Background**

Petitioner left her home country and came to the United States with the intent to seek asylum. ECF No. 5 at 14. On October 17, 2025, petitioner entered the United States without permission and was detained by Border Patrol. *Id.* at 11. Petitioner told immigration authorities that she has a fear of returning to her home country. *Id.* Petitioner's aunt lives in Maryland, and petitioner sought to live with her. ECF No. 5 at 14.

On November 4, 2025, respondent served petitioner with a notice to appear in

immigration court. ECF No. 1-1 at 2. Petitioner was held at the Otay Mesa Detention Center, where her immigration court proceedings were pending. ECF No. 1 at 2. Petitioner's individual merits hearing was scheduled for April 29, 2026, and she had submitted her application for asylum, withholding of removal, and protection under the Convention Against Torture, together with supporting evidence and briefing. *Id.* The matter was fully prepared for a merits determination that day. *Id.*

Shortly before that merits hearing, the Department of Homeland Security ("DHS") transferred petitioner from Otay Mesa Detention Center to California City Detention Facility. *Id.* Because of this transfer, petitioner's immigration case was transferred to the Adelanto Immigration Court, which reset her individual hearing for August 4, 2026. *Id.*

On August 4, 2026, an immigration judge ordered petitioner removed from the United States. ECF No. 5 at 16-18. The judge denied petitioner's applications for asylum and other forms of humanitarian relief. *Id.* Petitioner first appealed that decision on August 18, 2026, but that appeal was rejected for a missing form. ECF No. 1 at 3; ECF No. 5 at 21. The EOIR automated case information site confirms that petitioner's August 27, 2026 appeal is pending before the Board of Immigration Appeals ("BIA"). *See* https://acis.eoir.justice.gov/en/ (last checked September 14, 2026). Petitioner has never been given a bond hearing in immigration court and remains in custody. ECF No. 1 at 8-11.

**Legal Standard**

A federal court may grant habeas relief when a petitioner shows that his custody violates federal law. *See* 28 U.S.C. §§ 2241(a), (c)(3), 2254(a); *Williams v. Taylor*, 529 U.S. 362, 374-75 (2000). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction

includes challenges to immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

**Analysis**

Petitioner claims that her prolonged detention absent a bond hearing violates her Fifth Amendment Due Process rights. ECF No. 1 at 10. I address the statutory framework before analyzing petitioner's due process claim. *See Prieto-Romero v. Clark*, 534 F.3d 1053, 1057 (9th Cir. 2008); *Solorzano-Ramirez v. Warden*, No. 1:26-cv-2540 DC CSK, 2026 WL 1257256, at *2 (E.D. Cal. May 7, 2026).

Respondent argues that petitioner is an "applicant for admission" subject to mandatory detention under 8 U.S.C. § 1225(b)(1)(B)(ii), which states, "[i]f the officer determines at the time of the [asylum] interview that an alien has a credible fear of persecution . . . , the alien shall be detained for further consideration of the application for asylum."[1] ECF No. 5 at 3; *see also Jennings v. Rodriguez*, 583 U.S. 281, 287 (2018) ("[R]ead most naturally, §§ 1225(b)(1) and (b)(2) mandate detention for applicants for admission until certain proceedings have concluded.").

While petitioner's detention may be mandated by statute, that does not resolve her claim that her prolonged detention violates the Fifth Amendment.[2] At present, there is no binding

---

[1] The provision respondent cites as its detention authority is best understood in context with other subsections of § 1225(b). Under section 1225(b)(1), if an immigration officer determines that a noncitizen "who is arriving in the United States" is inadmissible, the officer "shall order the alien removed from the United States without further hearing or review unless the alien indicates either an intention to apply for asylum . . . or a fear of persecution." 8 U.S.C. § 1225(b)(1)(A)(i); *see also* 8 U.S.C. § 1158(a)(2) (mandating that any noncitizen arriving in U.S. may apply for asylum). If the noncitizen indicates a fear of persecution, the immigration officer "shall refer the alien for an interview by an asylum officer." 8 U.S.C. § 1225(b)(1)(B). That subsection authorizes the post-asylum-interview detention of applicants for admission so that the government may provide "further consideration of the application for asylum." 8 U.S.C. § 1225(b)(1)(B)(ii). Although respondent has not provided documentation, its citation of section 1225(b)(1)(B)(ii) as the detention authority supports an inference that petitioner stated a credible fear of persecution after she entered the United States.

[2] As respondent notes, the Supreme Court held that a noncitizen detained shortly after unlawful entry "has only those rights regarding admission that Congress has provided by statute" and "the Due Process Clause provides nothing more." *See* ECF No. 5 at 6 (quoting *Thuraissigiam*, 591 U.S. at 140). However, "*Thuraissigiam*'s discussion of due process is necessarily constrained to challenges to admissibility to the United States." *Padilla v. U.S. Immigr. & Customs Enf't*, 704 F. Supp. 3d 1163, 1171 (W.D. Wash. 2023). Accordingly, "[w]hile *Thuraissigiam* limits an arriving noncitizen's due process rights in regard to admission, a petitioner may still assert a due process claim against prolonged mandatory detention without a

authority that squarely addresses petitioner's due process claim. In *Zadvydas*, the Supreme Court addressed a challenge to prolonged detention in a different context—under 8 U.S.C. § 1231(a)(6)—and held:

> We do have reason to believe, however, that Congress previously doubted the constitutionality of detention for more than six months. Consequently, for the sake of uniform administration in the federal courts, we recognize that period. After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with sufficient evidence.

533 U.S. at 701 (internal quotation marks and citation omitted).

However, in *Demore v. Kim*, the Supreme Court rejected a due process challenge to section 1226(c)—which, like section 1225(b), mandates detention—and distinguished *Zadvydas* because, unlike indefinite detention pending removal under section 1231(a)(6), mandatory detention under section 1226(c) has a "definite termination point," i.e., the conclusion of removal proceedings. 538 U.S. 510, 529 (2003). The Court held that "[d]etention during removal proceedings is a constitutionally permissible part of that process." *Id*. at 531.

After *Demore*, the Court of Appeals held that detention under sections 1225(b), 1226(a), and 1226(c) has an implicit six-month limit, at which time the government must justify continued detention by clear and convincing evidence at a bond hearing. *Rodriguez v. Robbins*, 804 F.3d 1060, 1078-85 (9th Cir. 2015). But the Supreme Court reversed, finding that none of the statutory provisions can reasonably be read to limit detention to six months. *Jennings*, 583 U.S. at 297-306. As the Court of Appeals noted on remand, however, the Supreme Court "declined to reach the constitutional question" and "instead chose to answer only the question whether the statutory text itself included a limit on prolonged detention or a requirement of individual bond hearings." *Rodriguez v. Marin*, 909 F.3d 252, 255 (9th Cir. 2018).

"In the wake of *Jennings*, district courts have grappled with how to address due process challenges to prolonged mandatory detention under § 1225(b)." *Banda v. McAleenan*, 385 F.

---

bond hearing." *Singh v. Noem*, No. 26-cv-0265-GPC-BLM, 2026 WL 206716, at *5 (S.D. Cal. Jan. 27, 2026).

Supp. 3d 1099, 1116 (W.D. Wash. 2019). Nonetheless, "[n]early all district courts that have considered the issue agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, will—at some point—violate the right to due process." *Id.* (collecting cases) (internal quotation marks omitted).

Accordingly, I will evaluate petitioner's eleven-month-long detention without a bond hearing under the Due Process Clause, which protects persons in the United States from being deprived of life, liberty, or property without due process of law. U.S. Const. amend. V. "It is clear that commitment for any purpose constitutes a significant deprivation of liberty that requires due process protection." *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992). "[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas*, 533 U.S. at 693; *see also Mathews v. Diaz*, 426 U.S. 67, 77 (1976) ("Even one whose presence in this country is unlawful, involuntary, or transitory is entitled to [the Fifth Amendment's] constitutional protection."); *Constantinovici v. Bondi*, 806 F. Supp. 3d 1155, 1164 (S.D. Cal. 2025). "The Due Process clause applies to noncitizens in this country in connection with removal proceedings, even if their presence is unlawful or temporary." *Tinoco v. Noem*, No. 1:25-cv-01762-DC-JDP (HC), 2025 WL 3567862, at *5 (E.D. Cal. Dec. 14, 2025) (citing *Zadvydas*, 533 U.S. at 690).

"Courts in this circuit and beyond have grappled over what test should be used to determine whether procedural due process requires relief for a noncitizen held pursuant to § 1225(b)."[3] *Salamakhin v. Noem*, No. CV-26-00330, 2026 WL 1250296, at *5 (D. Ariz. May 6,

---

[3] *See, e.g.*, *Doe v. Andrews*, 1:25-cv-0333-JLT-HBK, 2026 WL 797694, at *9-11 (E.D. Cal. Mar. 23, 2026) (applying the 3-factor *Lopez* test, deeming it a "truncated" version of the *Banda* test) (citing *Lopez v. Garland*, 631 F. Supp. 3d 870, 879 (E.D. Cal. 2022)); *Akmal v. Warden of Cal. City Det.*, No. 1:25-cv-1921-DC-DMC, 2026 WL 657606 (E.D. Cal. Mar. 9, 2026), *report and recommendation adopted*, 2026 WL 825750 (E.D. Cal. Mar. 25, 2026) (applying *Lopez*); *Abdul-Samed v. Warden of Golden State Annex Det. Facility*, No. 1:25-cv-0098-SAB, 2025 WL 2099343, at *6 n.6 (E.D. Cal. July 25, 2025) (applying the *Lopez* test where both parties only addressed the *Mathews* test in their briefing); *Galkin v. Scott*, No. 2:26-cv-0530-TLF, 2026 WL 632663, at *2-5 (W.D. Wash. Mar. 6, 2026) (applying the 6-part *Banda* test) (citing *Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1118 (W.D. Wash. 2019)); *Leonteva v. Noem*, No. 4:26-cv-0043-SEB-KMB, 2026 WL 851289, at *2-4 (S.D. Ind. Mar. 27, 2026) (applying the same 6-factor test, but calling it the *Jamal A.* test) (citing *Jamal A. v. Whitaker*, 358 F. Supp. 3d 853, 858-59 (D. Minn. 2019)); *L.S. v. Warden, Otay Mesa Det. Ctr.*, No. 25-cv-3598-LL-BJW,

2026). The three main tests are: (1) the general due process assessment under *Mathews*, 424 U.S. 319; (2) the six-factor test announced in *Banda*, 385 F. Supp. 3d at 1118; and (3) the test announced in *Lopez*, 631 F. Supp. 3d at 879, where the court determined whether prolonged mandatory detention under section 1226(c) violates the Due Process Clause by considering three factors: "the total length of detention to date, the likely duration of future detention, and the delays in the removal proceedings caused by the petitioner and the government."[4]

"While the *Mathews* factors may be well-suited to determining whether due process requires a second bond hearing, they are not particularly probative of whether prolonged mandatory detention has become unreasonable in a particular case."[5] *Banda*, 385 F. Supp. 3d at 1118. Similarly, the two factors employed in *Banda* but not *Lopez*—the conditions of detention and the likelihood that the removal proceedings will result in a final order of removal—"are not particularly suited to assisting the Court in determining whether detention has become unreasonable and due process requires a bond hearing." *Lopez*, 631 F. Supp. 3d at 879. Moreover, "[t]hough *Lopez* concerned a due process challenge to mandatory detention under § 1226(c), the factors enumerated there are, in essence, a truncated version of the factors enumerated in *Banda*, which concerned mandatory detention under § 1225(b)(1)." *Doe v. Andrews*, No. 1:25-cv-0333-JLT-HBK, 2026 WL 797694, at *10 (E.D. Cal. Mar. 23, 2026). I have previously used the *Lopez* test to determine whether due process requires a bond hearing for

---

2026 WL 143150, at *4-5 (S.D. Cal. Jan. 20, 2026) (applying the 3-part *Mathews v. Eldridge* test) (citing *Mathews v. Eldridge*, 424 U.S. 319 (1976)); *Mkrtich v. Warden, California City Corr. Ctr.*, No. 1:26-cv-4042-DAD-JDP, 2026 WL 2098314 (E.D. Cal. July 21, 2026) (applying *Mathews*).

[4] The *Lopez* test utilizes three factors from the *Banda* test. *Lopez*, 631 F. Supp. 3d at 877-79. In *Banda*, to determine whether prolonged mandatory detention under section 1225(b) violates the Due Process Clause, the court also considered "the conditions of detention" and "the likelihood that the removal proceedings will result in a final order of removal." *Banda*, 385 F. Supp. 3d at 1118 (quoting *Jamal A.*, 358 F. Supp. 3d at 858-59).

[5] If I analyzed petitioner's claim under *Mathews*, I still would conclude that petitioner is entitled to relief because: (1) she has a significant private interest that is affected by detention; (2) the risk of an erroneous deprivation is high without a bond hearing; and (3) the government's interest in withholding a bond hearing is relatively low. *See* 424 U.S. at 335. I also note that petitioner has no prior criminal history, a credible fear of return to her home county, and a supportive family member in the United States.

a noncitizen detained under section 1225(b) and will do so here. *See Hasan M.D. v. Warden of the Cal. City Det. Ctr.*, No. 2:26-cv-0282-DJC-JDP, 2026 WL 972658, at *1 (April 10, 2026), *report and recommendation adopted*, 2026 WL 1051852 (E.D. Cal. Apr. 17, 2026).

I consider each factor in turn.

**I. Total Length of Detention**

The first factor is the length of detention, "which is the most important factor." *Banda*, 385 F. Supp. 3d at 1118. "It is important to bear in mind the context: The detention that is being examined here is the detention of a human being who has never been found to pose a danger to the community or to be likely to flee if released." *Id.* (quoting *Jamal A.*, 358 F. Supp. 3d at 859).

Petitioner has been detained for eleven months, which is a significant period, weighing strongly in favor of relief. *See Ramon v. Blanche*, No. 26-cv-2849-CFE, 2026 WL 1836006, at *2 (C.D. Cal. June 17, 2026) (seven months); *Haidari v. ICE.*, No. 2:26-cv-0039-TL, 2026 WL 764689, at *3 (W.D. Wash. Mar. 18, 2026) (six months); *Amando v. DOJ*, No. 25-cv-2687-LL-DDL, 2025 WL 3079052, at *5 (S.D. Cal. Nov. 4, 2025) (seven months); *Gurung v. Larose*, No. 26-cv-0920-LL-MSB, 2026 WL 776841, at *4 (S.D. Cal. Mar. 19, 2026) (eight months).

**II. Likely Duration of Future Detention**

Second, the court must determine "how long the detention is likely to continue absent judicial intervention; in other words, the anticipated duration of all removal proceedings—including administrative and judicial appeals." *Banda*, 385 F. Supp. 3d at 1119 (cleaned up). Although respondent has not provided documents regarding petitioner's asylum claim, its citation of section 1225(b)(1)(B)(ii) as the detention authority supports an inference that petitioner stated a credible fear of persecution after she entered the United States. *See* 8 U.S.C. § 1225(b)(1)(A)(i), (b)(1)(B). However, an immigration judge denied petitioner's applications for humanitarian relief on August 4, 2026, and ordered petitioner removed to her home country. ECF No. 5 at 16-19. That decision has been appealed to the BIA and remains pending. *See* https://acis.eoir.justice.gov/en/caseInformation (last checked September 14, 2026).

The pending BIA appeal inclines this factor in petitioner's favor. *See Arido-Sorro v.*

*Garland*, No. 23-cv-0842-PHX-JAT, 2024 WL 4393264, at *4 (D. Ariz. Sept. 5, 2024), *report and recommendation adopted*, 2024 WL 4834413 (D. Ariz. Nov. 20, 2024) ("Courts have recognized that the possibility of prolonged appeals weighs in favor of finding that continued detention without a bond hearing violates due process."); *Loba L.M. v. Andrews*, No. 1:25-cv-0611-JLT-SAB-HC, 2025 WL 2939178, at *6 (E.D. Cal. Oct. 16, 2025), *report and recommendation adopted*, 2025 WL 3187577 (E.D. Cal. Nov. 14, 2025) (finding that "[a]lthough future events are difficult to predict, the Court nevertheless finds that the pending appeal before the BIA and possible remand to the immigration court for further proceedings or possible judicial review by the Ninth Circuit will be sufficiently lengthy such that this factor weighs in favor of Petitioner"); *Bojorge-Sequeira v. Geo Grp. Inc.*, No. 2:25-cv-1807-KKE-GJL, 2026 WL 288378, at *5 (W.D. Wash. Jan. 15, 2026), *report and recommendation adopted*, 2026 WL 285657 (W.D. Wash. Feb. 3, 2026) (finding this factor weighed in favor of the petitioner who had appealed the Immigration Judge's decision to the BIA).

BIA appeals may take a substantial period. "Courts have found that pending administrative and possible Ninth Circuit appeals can be 'sufficiently lengthy' such that it favors Petitioner's ability to be heard." *Kaur v. Lyons*, No. 26-cv-0217-PHX-KML, 2026 WL 967846, at *5 (D. Ariz. Mar. 24, 2026), *report and recommendation adopted*, 2026 WL 963792 (D. Ariz. Apr. 9, 2026); *see also Abdul-Samed*, 2025 WL 2099343, at *7 (citing *German Santos v. Warden*, 965 F.3d 203, 211 (3d Cir. 2020)); *Arechiga v. Archambeault*, No. 2:23-cv-0600-CDS-VCF, 2023 WL 5207589, at *4 (D. Nev. Aug. 11, 2023) ("It is anyone's guess how long it will take the BIA to reconsider [the] petition . . . or how long subsequent appeals of that decision might take.").

The fact that petitioner is at the beginning of the appeal process is instructive. *See Banda*, 385 F. Supp. 3d at 1119 ("If the BIA affirms, petitioner will have the opportunity to seek review in the Ninth Circuit. This process may take up to two years or longer."). Accordingly, the potential length of detention during petitioner's appeal to the BIA and possible appeals to the Court of Appeals weighs towards granting petitioner a bond hearing.

Accordingly, I find that the second factor weighs in favor of petitioner.

**III. Delays in Removal Proceedings Caused by Petitioner and Respondent**

Lastly, the court must consider the nature and extent of delays caused by petitioner and the government. Petitioner was detained on October 17, 2025. ECF No. 5 at 11. On November 4, 2025, respondent served her with a notice to appear initiating removal proceedings. ECF No. 1-1 at 2. Petitioner was held at the Otay Mesa Detention Center, where her immigration court removal proceedings were pending. ECF No. 1 at 2. Petitioner's individual immigration court hearing was scheduled for April 29, 2026, and petitioner had submitted her application for asylum, withholding of removal, and protection under the Convention Against Torture, together with supporting evidence and briefing. *Id.* The matter was fully prepared for a merits determination that day. *Id.*

Shortly before that merits hearing, DHS transferred petitioner from Otay Mesa Detention Center to California City Detention Facility. *Id.* Because of this transfer, petitioner's immigration case was transferred to the Adelanto Immigration Court, which reset her individual hearing for August 4, 2026. *Id.* On that day, the immigration court ordered petitioner removed. ECF No. 5 at 16-19. Petitioner appealed this determination to the BIA on August 18, 2026, and again on August 27, 2026. ECF No. 1 at 3; https://acis.eoir.justice.gov/en/caseInformation (last checked September 14, 2026).

I find that the delay in the proceedings is due at least in part to the government's transfer of petitioner to a different facility prior to her fully-briefed individual merits hearing in April. Petitioner has shown, without dispute by respondent, that the transfer cost her months in custody while her immigration case was transferred to a different court, requiring that her individual merits hearing be reset from April to August 2026.

Accordingly, all three factors, including the total length of detention, "which is the most important factor," *Banda*, 385 F. Supp. 3d at 1118, and the likely duration of future detention weigh in petitioner's favor. A weighing of the *Lopez* factors supports a finding that petitioner's detention, absent a bond hearing, violates her Fifth Amendment Due Process rights. Given this finding, I must determine the appropriate relief.

Petitioner requests release or a prompt bond hearing before a neutral decisionmaker. ECF

No. 1 at 17. Respondent does not address the issue. *See* ECF No. 5. I recommend that petitioner be immediately released. Habeas corpus is an equitable remedy, and "[f]ederal courts have a fair amount of flexibility" to tailor the remedy to the constitutional violation. *Burnett v. Lampert*, 432 F.3d 996, 999 (9th Cir. 2005); *see Roman v. Wolf*, 977 F.3d 935, 941 (9th Cir. 2020) ("Once a [constitutional] right and a violation have been shown, the scope of a district court's equitable powers to remedy past wrongs is broad, for breadth and flexibility are inherent in equitable remedies.").

Respondent has provided no evidence or argument to support any risk of flight or danger if petitioner is released. Petitioner has been detained since October 2025, with no apparent end in sight. She has an aunt in Maryland with whom she has maintained contact. ECF No. 5 at 14. Immigration authorities conducted background checks on petitioner, with negative results, reflecting no wants or warrants. *Id.* at 11. For all these reasons, I recommend her immediate release.

**Conclusion**

Accordingly, it is hereby RECOMMENDED that:

1. The petition for writ of habeas corpus, ECF No. 1, be GRANTED.

2. Respondent be ordered to immediately release petitioner (A-Number: 221-394-236) from its custody. Respondent shall not impose any additional restrictions on petitioner, unless that is determined to be necessary at a future pre-deprivation hearing. If the government seeks to re-detain petitioner, it must provide no less than seven days' notice to petitioner and must hold a constitutionally compliant pre-deprivation bond hearing before a neutral arbiter at which the government bears the burden of proving flight risk or danger by clear and convincing evidence. This order does not address the circumstances in which respondent may detain petitioner in the event petitioner becomes subject to an executable final order of removal.

3. The Clerk of Court be directed to serve California City Detention Facility with a copy of this order.

4. The Clerk of Court be ordered to enter judgment accordingly and close this case.

These findings and recommendations are submitted to the United States District Judge

assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within three days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within three days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: September 16, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE