UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEKWE IRINE FRI (A-221-394-236),<br>Petitioner,<br>v.<br>CHRISTOPHER CHESTNUT, et al.,<br>Respondents. | Case No. 1:26-cv-06860-DC-JDP (HC)<br><br><u>ORDER ADOPTING IN PART FINDINGS AND RECOMMENDATIONS</u><br><br>(Doc. Nos. 6, 8) |

Petitioner, an immigration detainee, has filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On September 17, 2026, the magistrate judge filed findings and recommendations herein, which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within three days. (Doc. No. 6.) On September 19, 2026, Respondents objected to the findings and recommendations "[f]or the reasons set forth in Respondents' previous briefing," (Doc. No. 7.) On October 21, 2026, Petitioner filed a request for prompt adjudication of this matter. (Doc. No. 8.)

Respondents' arguments were already addressed and rejected by the magistrate judge in this case and the undersigned in other cases. *See M.M. v. Bondi,* No. 1:26-cv-00813-DC-AC, 2026 WL 604200 (E.D. Cal. Mar. 4, 2026) (granting temporary restraining order and ordering

bond hearing before an immigration judge for petitioner who had not received any such hearing during approximately sixteen months of detention pursuant to § 1225(b)); *Nasar v. Warden*, No. 2:26-cv-00433-DC-AC, 2026 WL 731160 (E.D. Cal. Mar. 16, 2026) (granting temporary restraining order and ordering a second bond hearing before an immigration judge for petitioner where nine months had elapsed since petitioner was detained pursuant to § 1225(b) and had received such a hearing). Thus, Respondents' objections do not provide a basis upon which to reject the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the court finds the recommendation that Petitioner be granted relief on due process grounds to be supported by the record and by proper analysis. The court will decline to adopt the remaining findings and recommendations. For the reasons set forth in *M.M.,* 2026 WL 604200, and *Nasar*, 2026 WL 731160, the court will order that the petition for a writ of habeas corpus be granted on due process grounds and that Respondents provide Petitioner with a bond hearing.[1]

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed September 17, 2026 (Doc. No. 6) are ADOPTED IN PART;
2. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:
    a. Within fourteen (14) days of the date of entry of this order, Respondents are ORDERED to provide Petitioner Tekwe Irine Fri (A-221-394-236) a bond hearing before an immigration judge pursuant to 8 C.F.R.

[1] Because the court is granting the petition on procedural due process grounds, the court need not address any additional grounds raised in the petition. *See N.K. v. Noem*, No. 1:26-cv-00292-KES-SAB, 2026 WL 130345, at *1 (E.D. Cal. Jan. 16, 2026) (granting habeas petition as to the second count of the petition and not addressing other counts because the petitioner was entitled to the relief sought based on the court's ruling as to that second count); *Constantinovici v. Bondi*, No. 3:25-cv-02405-RBM-AHG, 2025 WL 2898985, at *7 (S.D. Cal. Oct. 10, 2025) (granting habeas petition based on due process claim and "declin[ing] to address the remaining grounds in the Petition for seeking release").

§ 1236.1(c)(8) at which Petitioner shall bear the burden of showing that he is not a flight risk or a risk to community safety;

b. Respondents are ORDERED to provide Petitioner and his counsel with seven (7) days' advance notice of the date and time of the scheduled bond hearing and allow Petitioner to have counsel present at the hearing should he so desire;

c. If Respondents fail to comply with the above, Petitioner shall be immediately released from Respondents' custody; and

d. Within seventeen (17) days of the date of entry of this order, Respondents are ORDERED to file a status report with this court certifying compliance with this order and attaching, as applicable, the immigration judge's order from the bond hearing;

3. Petitioner's pending motion (Doc. No. 8) is DENIED for having been rendered moot by this order;

4. The Clerk of the Court is directed to serve a copy of this order on the California City Detention Facility; and

5. The Clerk of the Court is directed to enter judgment for Petitioner and close this case.

IT IS SO ORDERED.

Dated: **October 22, 2026**

Dena Coggins
United States District Judge